PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the respondent attorney’s guilty plea for consent judgment on discipline filed pursuant to rule 3-7.8(a) of the Rules Regulating The Florida Bar. The Florida Bar joins with the respondent in seeking approval of the consent judgment.
In his plea the respondent admits that based on pleas of guilty, he was convicted of six misdemeanors in a district court of the United States. Five of the offenses were based on failure to report a financial interest in a foreign bank account in violation of 31 U.S.C. § 5322, and one count was for conspiracy to commit the other offenses. The federal court placed respondent on probation for three years. In his plea respondent states that his offenses arose from his having signatory authority on a Panamanian bank account, an arrangement devised as a service to some clients and without any unlawful or corrupt intent on the respondent’s part.
The proposed consent judgment on discipline provides for a suspension from the practice of law for ninety days, followed by a period of probation to run concurrently with the probation being served on the convictions in United States District Court. As conditions of probation, respondent agrees that if he should be found by the federal court to have violated his probation, such violation shall constitute grounds for further disciplinary action, that probable cause will be deemed to have been waived, and that respondent shall be subject to being temporarily suspended pursuant to rule 3-5.1(g) of the Rules Regulating The Florida Bar.
We accept the plea and approve the consent judgment on discipline. We order respondent suspended from the practice of law for a period of ninety days and place *142 him on probation under the conditions described above and set forth in the pleadings. So that respondent may discontinue his law practice in an orderly fashion, taking steps to protect his clients, his suspension shall take effect thirty days from the date of this order. We direct respondent’s attention to the requirement of notice to his clients of this suspension. Rule 3-5.-1(h), Rules Regulating The Florida Bar.
Although the Bar seeks and the respondent agreed to pay the costs of this proceeding, no costs are itemized in the Bar’s petition except referee-level administrative costs pursuant to rule 3-7.5(k)(l). Referee-level administrative costs are inapplicable, however, because there was no referee assigned in this consent-judgment case, which was processed under rule 3-7.8(a).
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.